# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEBBIE BAIZE,<br><br>                    Plaintiff,<br><br>       v.<br><br>AUSTIN BURTON LLOYD,<br><br>                    Defendant. | Case No.  14-cv-02573-BAS(JMA)<br><br>**ORDER:**<br><br>**(1) GRANTING MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS* (ECF NO. 2); AND**<br><br>**(2) DISMISSING ACTION WITHOUT PREJUDICE** |

On October 29, 2014, Plaintiff Debbie Baize ("Plaintiff"), proceeding *pro se*, filed a handwritten complaint against Defendant Austin Burton Lloyd ("Defendant") asserting various violations of her constitutional rights.  (ECF No. 1 ("Compl.").)  On the same day she filed her complaint, Plaintiff also filed a motion seeking leave to proceed *in forma pauperis* ("IFP").  (ECF No. 2.)  For the following reasons, the Court (1) **GRANTS** Plaintiff's IFP motion, and (2) **DISMISSES WITHOUT PREJUDICE** this action in its entirety.

I.    MOTION FOR LEAVE TO PROCEED IFP

All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing

fee. *See* 28 U.S.C. § 1914(a), (b).[1] An action may proceed despite a plaintiff's failure to prepay the entire fee only if he or she is granted leave to proceed IFP. 28 U.S.C. § 1915(a). The determination of indigency falls within the district court's discretion. *Cal. Men's Colony v. Rowland*, 939 F.2d 854, 858 (9th Cir. 1991), *rev'd on other grounds* 506 U.S. 194 (1993) (holding that "Section 1915 typically requires the reviewing court to exercise its sound discretion in determining whether the affiant has satisfied the statute's requirement of indigency"). It is well-settled that a party need not be completely destitute to proceed *in forma pauperis*. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339-40 (1948). To satisfy the requirements of 28 U.S.C. § 1915(a), "an affidavit [of poverty] is sufficient which states that one cannot because of his [or her] poverty pay or give security for costs . . . and still be able to provide himself and dependents with the necessities of life." *Id.* at 339. At the same time, however, "the same even-handed care must be employed to assure that federal funds are not squandered to underwrite, at public expense, . . . the remonstrances of a suitor who is financially able, in whole or in material part, to pull his own oar." *Temple v. Ellerthorpe*, 586 F. Supp. 848, 850 (D.R.I. 1984).

District courts, therefore, tend to reject IFP applications where the applicant can pay the filing fee with acceptable sacrifice to other expenses. *See e.g.*, *Stehouwer v. Hennessey*, 841 F. Supp. 316, 321 (N.D. Cal. 1994), *vacated in part on other grounds, Olivares v. Marshall*, 59 F.3d 109 (9th Cir. 1995) (finding that a district court did not abuse its discretion in requiring a partial fee payment from a prisoner who had a $14.61 monthly salary and who received $110 per month from family). Moreover, "*in forma pauperis* status may be acquired and lost during the

---

[1] In addition to the $350 statutory fee, all parties filing civil actions on or after May 1, 2013, must pay an additional administrative fee of $50. *See* 28 U.S.C. § 1914(a), (b); Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule (eff. May 1, 2013). However, the additional $50 administrative fee is waived if the plaintiff is granted leave to proceed IFP. *Id.*

course of litigation." *Wilson v. Dir. of Div. of Adult Insts.*, No. CIV S-06-0791, 2009 WL 311150, at *2 (E.D. Cal. Feb. 9, 2009) (citing *Stehouwer*, 841 F. Supp. at 321); *see also Allen v. Kelly*, 1995 WL 396860, at *2 (N.D. Cal. June 29, 1995) (holding that a plaintiff who was initially permitted to proceed *in forma pauperis* should be required to pay his $120 filing fee out of a $900 settlement). In addition, the facts as to the affiant's poverty must be stated "with some particularity, definiteness, and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981).

Having read and considered Plaintiff's application, the Court finds that Plaintiff meets the requirements in 28 U.S.C. § 1915 for IFP status. Plaintiff is unemployed and currently receiving $1,026.00 per month in disability or workers compensation. (IFP Mot. ¶¶ 2–3.) No other sources of income are listed. In terms of assets, Plaintiff owns an unfinanced 1998 Hyundai. (*Id*. at ¶ 6.) Plaintiff has no checking accounts or separate savings/IRA/money market/CDS. (*Id*. at ¶¶ 4, 5.) Plaintiff does not list her monthly expenses in her IFP motion. However, Plaintiff filed a motion for appointment of counsel on the same day she filed her complaint. (ECF No. 3.) In this motion, Plaintiff declared under penalty of perjury that her monthly expenses include $500 for rent, $300 for food and $200 for other miscellaneous bills. (*Id*. at p. 7.) Plaintiff's monthly income and monthly expenses are nearly equivalent. Consequently, the Court finds that requiring Plaintiff to pay the court filing fees would impair her ability to obtain the necessities of life. *See Adkins*, 335 U.S. at 339.

In light of the foregoing, the Court **GRANTS** Plaintiff's application for leave to proceed *in forma pauperis*. (ECF No. 2.)

II.   **SUBJECT MATTER JURISDICTION**

    A.   **Legal Standard**

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "They possess only that power

authorized by Constitution or a statute, which is not to be expanded by judicial decree." *Id.* (internal citations omitted). "It is to be presumed that a cause lies outside this limited jurisdiction and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id.* (internal citations omitted); *see also Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 684 (9th Cir. 2006).

"Subject matter jurisdiction based upon diversity of citizenship requires that no defendant have the same citizenship as any plaintiff." *Tosco Corp. v. Communities for a Better Env't*, 236 F.3d 495, 499 (9th Cir. 2001) (per curiam), *abrogated on other grounds by Hertz Corp v. Friend*, 130 S. Ct. 1181 (2010). Alternatively, federal district courts also have "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "A plaintiff suing in federal court must show in his pleading, affirmatively and distinctly, the existence of whatever is essential to federal jurisdiction, and, if he does not do so, the court . . . on discovering the [defect], must dismiss the case, unless the defect be corrected by amendment." *Tosco*, 236 F.3d at 499 (quoting *Smith v. McCullough*, 270 U.S. 456, 459 (1926)).

Although there has not been a request for dismissal, it is well-established that "a district court's duty to establish subject matter jurisdiction is not contingent upon the parties' arguments." *See United Investors Life Ins. Co. v. Waddell & Reed Inc.*, 360 F.3d 960, 966 (9th Cir. 2004). Courts may consider the issue *sua sponte*. *Demery v. Kupperman*, 735 F.2d 1139, 1149 n.8 (9th Cir. 1984). Indeed, the Supreme Court has emphasized that "district courts have an 'independent obligation to address subject-matter jurisdiction *sua sponte*.'" *Grupo Dataflux v. Atlas Global Grp., L.P.*, 541 U.S. 567, 593 (2004) (quoting *United States v. S. Cal. Edison Co.*, 300 F. Supp. 2d 964, 972 (E.D. Cal. 2004)).

**B.   Analysis**

There are no allegations in the Complaint addressing the citizenship of the parties. The Civil Cover Sheet indicates both Plaintiff and Defendant are residents

of California.  (ECF No. 1-1.)  Accordingly, Plaintiff has failed to establish that this Court has subject matter jurisdiction on the basis of diversity.  "Absent diversity of citizenship, federal-question jurisdiction is required."  *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).  The question is therefore whether Plaintiff has alleged a federal question.

"The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint."  *Id*.  Plaintiff commenced this action against Defendant alleging false arrest and false incarceration.  (Compl. at pp. 2-3.)  Plaintiff contends that "the false arrest and allegations of charges were created for the sole purpose so that [Defendant] along with his partner Kim Elizabeth Walker could steal and rob[] [Plaintiff] of all [her] belongings[,] legal documentation[,] important identifications of [herself] and [her husband,] money[,] jewelry[,] and [her] Grand Jeep Cherokee car."  (*Id*.)  Plaintiff contends the alleged false incarceration violated her constitutional right to freedom of liberty including her right to earn a living and economic livelihood.  (*Id*. at p. 3.)  Plaintiff further contends that Defendant maliciously deprived her of her constitutional right to liberty and property by means of defamation, libel, and slander.  (*Id*.)  Through this action, Plaintiff seeks to repair the allegedly false charges against her, to establish her innocence, and to repair and restore her credibility.  (*Id*.)

Plaintiff does not identify or seek relief under a specified federal statute.  However, as Plaintiff is proceeding *pro se*, the Court will construe Plaintiff's claims as arising under 42 U.S.C. § 1983.  "Section 1983 creates a private right of action against individuals who, acting under color of state law, violate federal constitutional or statutory rights."  *Devereaux v. Abbey*, 263 F.3d 1070, 1074 (9th Cir. 2001).  Section 1983 "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred."  *Graham v.*

*Connor*, 490 U.S. 386, 393-94 (1989) (internal quotation marks and citations omitted). "To establish § 1983 liability, a plaintiff must show both (1) deprivation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person acting under color of state law." *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1138 (9th Cir. 2012) (quotations and citation omitted). Plaintiff has not alleged or even indicated that Defendant was acting under color of state law.[1] Accordingly, the Court finds Plaintiff has failed to make a non-frivolous assertion of a federal claim sufficient to establish federal question jurisdiction.[2] *See Bollard v. Cal. Province of the Soc'y of Jesus*, 196 F.3d 940, 951 (9th Cir. 1999) ("Any non-frivolous assertion of a federal claim suffices to establish federal question jurisdiction."). The Court therefore lacks subject matter jurisdiction because there is no federal question presented in this action. *See* 28 U.S.C. § 1331.[3]

---

[1] Plaintiff has similarly not alleged or indicated that Defendant was acting under color of federal law such that the Court could reasonably construe Plaintiff's claim as one arising under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971). *See Van Strum v. Lawn*, 940 F.2d 406, 409 (9th Cir. 1991) ("Actions under § 1983 and those under *Bivens* are identical save for the replacement of a state actor under § 1983 by a federal actor under *Bivens*.").

[2] In addition to reviewing *sua sponte* for subject matter jurisdiction, the Court also has an obligation to dismiss a case at any time if the court determines that the action "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). *See Calhoun v. Stahl*, 254 F.3d 845 (9th Cir. 2001) (holding that the provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners). The Court further finds it appropriate to dismiss this action under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim under 42 U.S.C. § 1983.

[3] The Court notes that traditionally a plaintiff who seeks to attack the validity or duration of confinement must pursue the exclusive remedy of a writ of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973); *Heck v. Humphrey*, 512 U.S. 475, 481 (1994).

1  **III.   CONCLUSION & ORDER**

2   Because Plaintiff does not assert a claim that presents a federal question as
3  required by 28 U.S.C. § 1331, fails to state a claim under 42 U.S.C. § 1983, and
4  because she fails to allege facts necessary to establish diversity jurisdiction as
5  required by 28 U.S.C. § 1332, the Court **DISMISSES WITHOUT PREJUDICE**
6  this action in its entirety.  *See Tosco*, 236 F.3d at 499; 28 U.S.C. §
7  1915(e)(2)(B)(ii).  If Plaintiff can correct these deficiencies in the complaint,
8  including but not limited to explicitly identifying the specific federal statutes
9  invoked, she may file an amended complaint no later than **December 31, 2014**.  *See*
10  28 U.S.C. § 1653.

11   In light of the dismissal, the Court also **TERMINATES AS MOOT**
12  Plaintiff's motion to appoint counsel.  (ECF No. 3.)

13   **IT IS SO ORDERED.**

15  DATED:  November 13, 2014

Hon. Cynthia Bashant
United States District Judge