1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEBBIE BAIZE,<br><br>                                    Plaintiff,<br><br>          v.<br><br>AUSTIN BURTON LLOYD,<br><br>                                    Defendant. | Case No.  14-cv-02573-BAS(JMA)<br><br>**ORDER:**<br><br>**(1)  DISMISSING ACTION FOR FAILURE TO STATE A CLAIM WITH LEAVE TO AMEND; AND**<br><br>**(2)  TERMINATING AS MOOT PLAINTIFF'S MOTION TO DIRECT U.S. MARSHALS SERVICE (ECF NO. 11)** |

Plaintiff Debbie Baize ("Plaintiff"), proceeding *pro se* and *in forma pauperis* ("IFP"), commenced this action on October 29, 2014.  (*See* ECF No. 1, 4.)  On November 13, 2014, the Court granted Plaintiff's motion for leave to proceed IFP and dismissed Plaintiff's initial complaint without prejudice and with leave to amend.  (ECF No. 4.)  Plaintiff filed a First Amended Complaint on November 21, 2014, followed by a Second Amended Complaint ("SAC") on December 1, 2014. (*See* ECF Nos. 6, 8.)  On April 27, 2015, after issuance of the summons, Plaintiff also filed a motion to direct service by the U.S. Marshals.  (ECF No. 11.)

For the following reasons, the Court (1) **DISMISSES** this action in its entirety **WITH LEAVE TO AMEND**; and (2) **TERMINATES AS MOOT** Plaintiff's motion to direct service by the U.S. Marshals.

# I.     STANDARD OF REVIEW

Federal courts have an obligation to dismiss a complaint brought by a person proceeding IFP at any time if the court determines that the action "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). *See Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) (holding that the provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners).

All complaints must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. The "mere possibility of misconduct" falls short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

"When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679; *see also Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (noting that § 1915(e)(2)(B)(ii) "parallels the language of Federal Rule of Civil Procedure 12(b)(6)").

However, while the court has an obligation where the plaintiff "is *pro se*, particularly in civil rights cases, to construe the pleadings liberally and to afford the [plaintiff] the benefit of any doubt,'" *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (quoting *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985)), it "may not supply essential elements of the claim that were not initially pled." *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). Moreover, "[v]ague and conclusory allegations of official participation in civil rights violations

are not sufficient." *Ivey*, 673 F. 2d at 268.

## II.   ANALYSIS

In the SAC, Plaintiff alleges she suffered "[t]ort [c]laim injuries[,] [a]nguish[,] deprivation of [her] civil liberties, [l]ibel, [s]lander, defamation," theft of her vehicle, money, and legal personal documents, and violations of her federal constitutional rights and due process rights.  (SAC at pp, 1-3.)  Plaintiff further alleges Defendant forged documents and made false allegations which caused her to be falsely arrested, and verbally threatened her from pursuing legal action.  (*Id*. at p. 2.)  Plaintiff, who was incarcerated for seven years, seeks to "correct [her] innocence"[1] and money damages.  (*Id*. at pp. 1-4.)

Plaintiff does not identify or seek relief under a specified federal statute. However, as Plaintiff is proceeding *pro se*, the Court will liberally construe the SAC as seeking relief under 42 U.S.C. § 1983.  *See Karim-Panahi v. Los Angeles Police Dept.,* 839 F.2d 621, 623 (9th Cir. 1988) (where a plaintiff appears *pro se*, the Court must construe her pleadings liberally and afford plaintiff any benefit of the doubt); *Hebbe*, 627 F.3d at 342 & n.7.

As the Court stated in its prior order dismissing Plaintiff's initial complaint, "[s]ection 1983 creates a private right of action against individuals who, ***acting under color of state law***, violate federal constitutional or statutory rights." *Devereaux v. Abbey*, 263 F.3d 1070, 1074 (9th Cir. 2001) (emphasis added).

---

[1]     The Court notes that a plaintiff who seeks to attack the validity or duration of confinement must pursue the exclusive remedy of a writ of habeas corpus.  *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) ("[W]hen a state prisoner is challenging the very fact or duration of h[er] physical imprisonment, and the relief [s]he seeks is a determination that [s]he is entitled to immediate release or a speedier release from that imprisonment, h[er] sole federal remedy is a writ of habeas corpus."); *Heck v. Humphrey*, 512 U.S. 475, 481 (1994).  Under 28 U.S.C. § 2254, a district court may entertain a petition for a writ of habeas corpus on behalf of a person "*in custody* pursuant to the judgment of a State court only on the ground that [s]he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254 (emphasis added).

Section 1983 "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (internal quotation marks and citations omitted). "To establish § 1983 liability, a plaintiff must show **both** (1) deprivation of a right secured by the Constitution and laws of the United States, **and** (2) that the deprivation was committed by a person acting under color of state law." *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1138 (9th Cir. 2012) (quotations and citation omitted and emphasis added).

"The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *West v. Atkins*, 487 U.S. 42, 49 (1988) (internal quotations and citation omitted). State employment, for example, is generally sufficient to render the defendant a state actor. *Id.* Private parties, on the other hand, are generally not acting under color of state law. *Price v. State of Haw.*, 939 F. 2d 702, 707-08 (1991); *see also Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49 (1999) ("[T]he under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful.")

As in her initial Complaint, Plaintiff has still not alleged or even indicated that Defendant was acting under color of state law. Accordingly, Plaintiff has failed to state a claim upon which relief may be granted under 42 U.S.C. § 1983 and the SAC must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).[2]

---

[2] Plaintiff has similarly not alleged or indicated that Defendant was acting under color of federal law such that the Court could reasonably construe Plaintiff's claim as one arising under *Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). *See Van Strum v. Lawn*, 940 F.2d 406, 409 (9th Cir. 1991) ("Actions under § 1983 and those under *Bivens* are identical save for the replacement of a state actor under § 1983 by a federal actor under *Bivens*."). Similarly, the Court cannot reasonably construe Plaintiff's claim as one arising under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346

## III.   CONCLUSION & ORDER

For the foregoing reasons, the Court **DISMISSES** this action in its entirety **WITH LEAVE TO AMEND**.  *See* 28 U.S.C. § 1915(e)(2)(B)(ii).  The Court will give Plaintiff one more opportunity to correct the deficiencies in her SAC.  If she is able to do so, she must file an amended complaint, titled "Third Amended Complaint," no later than **May 29, 2015**.  *See* 28 U.S.C. § 1653.

In light of the dismissal, the Court also **TERMINATES AS MOOT** Plaintiff's motion to direct service by the U.S. Marshals (ECF No. 11).

**IT IS SO ORDERED.**

DATED:  May 7, 2015

Hon. Cynthia Bashant
United States District Judge

and 2671–80.  Under the FTCA, district courts have "jurisdiction of civil actions on claims *against the United States*, for money damages . . . for injury or loss of property . . . *caused by the negligent or wrongful act or omission of any employee of the Government* while acting within the scope of his office or employment."  28 U.S.C. § 1346(b) (emphasis added); *see also* 28 U.S.C. § 2671 (defining "employee of the government").  Here, Plaintiff has not alleged any actions by an employee of the federal government or alleged any claims against the United States.  *See F.D.I.C. v. Meyer*, 510 U.S. 471, 477 (1994) (a claim is only actionable under 28 U.S.C. § 1346(b) if it alleges a claim against the United States for money damages or loss of property caused by an employee of the government); *see also Kennedy v. U.S. Postal Serv.*, 145 F. 3d 1077, 1078 (9th Cir. 1998) ("[T]he United States is the only proper party defendant in an FTCA action.").  Plaintiff does allege several state law tort claims.  However, the Court does not have jurisdiction over state law based tort claims absent a federal question or diversity of citizenship, *see Herman Family Revocable Trust v. Teddy Bear*, 254 F. 3d 802, 806 (9th Cir. 2001), and here, Plaintiff has not sufficiently alleged diversity of citizenship, and, due to her failure to state a claim under § 1983, has failed to establish federal question jurisdiction.