# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEBBIE BAIZE,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>AUSTIN BURTON LLOYD,<br><br>　　　　　　Defendant. | Case No.  14-cv-02573-BAS(JMA)<br><br>**ORDER:**<br><br>**(1) DISMISSING ACTION FOR FAILURE TO STATE A CLAIM WITHOUT LEAVE TO AMEND; AND**<br><br>**(2) TERMINATING AS MOOT PLAINTIFF'S MOTION TO DIRECT U.S. MARSHALS SERVICE (ECF NO. 11)** |

　　　　Plaintiff Debbie Baize ("Plaintiff"), proceeding *pro se* and *in forma pauperis* ("IFP"), commenced this action on October 29, 2014. (*See* ECF No. 1.) On November 13, 2014, the Court granted Plaintiff's motion for leave to proceed IFP and dismissed Plaintiff's initial complaint without prejudice and with leave to amend. (ECF No. 4.)  Plaintiff filed a First Amended Complaint on November 21, 2014, followed by a Second Amended Complaint ("SAC") on December 1, 2014. (*See* ECF Nos. 6, 8.)  On May 7, 2015, the Court dismissed this action in its entirety for failure to state a claim, giving Plaintiff leave to file a Third Amended Complaint no later than May 29, 2015.  (ECF No. 12.)  Plaintiff filed a Third Amended Complaint on May 14, 2015, which was supplemented on May 15, 2015 (collectively referred to as

the "TAC"). (*See* ECF Nos. 14, 16.) On May 19, 2015, Plaintiff also filed a motion to direct service by the United States Marshals. (ECF No. 18.)

For the following reasons, the Court (1) **DISMISSES** this action in its entirety **WITHOUT LEAVE TO AMEND** and (2) **TERMINATES AS MOOT** Plaintiff's motion to direct service by the U.S. Marshals.

**I.     STANDARD OF REVIEW**

Federal courts have an obligation to dismiss a complaint brought by a person proceeding IFP at any time if the court determines that the action "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). *See Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) (holding that the provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners).

All complaints must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. The "mere possibility of misconduct" falls short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

"When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679; *see also Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (noting that § 1915(e)(2)(B)(ii) "parallels the language of Federal Rule of Civil Procedure 12(b)(6)"). However, while the court has an obligation where the plaintiff "is *pro se*, particularly in civil rights cases, to construe the pleadings liberally and to afford the [plaintiff] the benefit of any doubt,'" *Hebbe v.*

*Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (quoting *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985)), it "may not supply essential elements of the claim that were not initially pled." *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). Moreover, "[v]ague and conclusory allegations of official participation in civil rights violations are not sufficient." *Ivey*, 673 F. 2d at 268.

"A district court should not dismiss a pro se complaint without leave to amend unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) (citation and internal quotations omitted); *see also Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc) (explaining that leave to amend should be given unless the deficiencies in the complaint cannot be cured by amendment); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992) (the district court's discretion to deny leave to amend is particularly broad where it has afforded plaintiff one or more opportunities to amend).

## II.  ANALYSIS

In the TAC, Plaintiff alleges she was incarcerated for seven years by the State. (ECF No. 16 at p. 2, line 12 & p. 3, line 9.) During that time, Plaintiff alleges her social security "had unlawfully been stopped," she was deprived of her family and the ability to work to support herself and her dependents, and was deprived of the ability to vote and register to vote. (*Id.* at pp. 2-4.) Plaintiff further alleges defendant Austin Burton Lloyd ("Defendant") willfully committed perjury by lying on the stand. (*Id.* at p. 6, lines 14-22.) Plaintiff asserts several causes of action against Defendant based on these facts, including: (1) a violation of 42 U.S.C. § 1983; (2) a violation of the Federal Tort Claims Act; (3) false imprisonment; (4) perjury; (5) the wrongful death of her husband Jared Baize; and (6) libel for the publications of statements that wrongfully damaged Plaintiff's personal reputation. (*See id.*) The Court will address each of Plaintiff's claims in turn.

///

### A. 42 U.S.C. § 1983

Plaintiff asserts a violation of 42 U.S.C. § 1983, alleging she was denied equal protection of the law in that she was discriminated against because of her "race, color, religion, sex, or national origin." (ECF No. 16 at p. 2, lines 22-24.) As the Court stated in its prior orders dismissing Plaintiff's initial complaint and SAC, "[s]ection 1983 creates a private right of action against individuals who, acting ***under color of state law***, violate federal constitutional or statutory rights." *Devereaux v. Abbey*, 263 F.3d 1070, 1074 (9th Cir. 2001) (emphasis added). Section 1983 "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (internal quotation marks and citations omitted). "To establish § 1983 liability, a plaintiff must show both (1) deprivation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person acting under color of state law." *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1138 (9th Cir. 2012) (quotations and citation omitted and emphasis added); *see also Flores v. Morgan Hill Unified Sch. Dist.*, 324 F.3d 1130, 1134 (9th Cir. 2003) ("To establish a § 1983 equal protection violation, the plaintiffs must show that the defendants, acting under color of state law, discriminated against them as members of an identifiable class and that the discrimination was intentional.")

"The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *West v. Atkins*, 487 U.S. 42, 49 (1988) (internal quotations and citation omitted). State employment, for example, is generally sufficient to render the defendant a state actor. *Id.* Private parties, on the other hand, are generally not acting under color of state law. *Price v. State of Haw.*, 939 F. 2d 702, 707-08 (1991); *see also Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49 (1999) ("[T]he under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no

matter how discriminatory or wrongful.")

As in her prior complaints, Plaintiff has not alleged or even indicated that Defendant was acting under color of state law. Accordingly, Plaintiff has failed to state a claim upon which relief may be granted under 42 U.S.C. § 1983.[1] As Plaintiff has already had two opportunities to amend her Section 1983 claim to allege Defendant was acting under color of state law, and has not been able to do so, the Court finds that the deficiencies in the TAC could not be cured by amendment. *See Rosati,* 791 F.3d at 1039; *Lopez,* 203 F.3d at 1130; *Ferdik,* 963 F.2d at 1261. Therefore, the Court dismisses this claim under 28 U.S.C. § 1915(e)(2)(B)(ii) without leave to amend.

### B.   Federal Tort Claims Act

Under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346 and 2671-80, district courts have jurisdiction of civil actions on claims against the United States for money damages "for injury or loss of property . . . caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." 28 U.S.C. § 1346(b)(1); *see also* 28 U.S.C. § 2671 (defining "employee of the government"). Here, Plaintiff has not alleged any actions by an employee of the government or alleged any claims against the United States. *See F.D.I.C. v. Meyer*, 510 U.S. 471, 477 (1994) (a claim is only actionable under 28 U.S.C. § 1346(b) if it alleges a claim against the United States for money damages or loss of property caused by an employee of the government); *see also Kennedy v. U.S. Postal Serv.*, 145 F. 3d 1077, 1078 (9th Cir. 1998) ("[T]he United States is the only proper party defendant in an FTCA action.").

---

[1] Plaintiff has similarly not alleged or indicated that Defendant was acting under color of federal law such that the Court could reasonably construe Plaintiff's claim as one arising under *Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). *See Van Strum v. Lawn*, 940 F.2d 406, 409 (9th Cir. 1991) ("Actions under § 1983 and those under *Bivens* are identical save for the replacement of a state actor under § 1983 by a federal actor under *Bivens*.").

As Plaintiff has already had two opportunities to allege actions by an employee of the government, and has not been able to do so, the Court finds that the deficiencies in the TAC could not be cured by amendment. *See Rosati,* 791 F.3d at 1039; *Lopez*, 203 F.3d at 1130; *Ferdik*, 963 F.2d at 1261. Therefore, the Court dismisses this claim under 28 U.S.C. § 1915(e)(2)(B)(ii) without leave to amend.

### C. State Law Claims

In addition to the federal claims discussed above, Plaintiff alleges state law claims for false imprisonment,[2] wrongful death, libel, and perjury. (ECF No. 16. at pp. 2, 6.) California law authorizes civil claims for false imprisonment, *see C.B. v. Sonora Sch. Dist.*, 691 F. Supp. 2d 1170, 1186 (E.D. Cal. 2010); *Asgari v. City of Los Angeles*, 15 Cal. 4th 744, 757 (1997) (citing Cal. Gov't Code §§ 820.4, 821.6); wrongful death, *see* Cal. Civ. Proc. Code § 377.60 (authorizing a decedent's spouse to bring a claim); *Ruiz v. Podolsky*, 50 Cal. 4th 838, 844 (2010); and libel, *see* Cal. Civ. Code § 45; *Scott v. Solano Cnty. Health & Social Srvs. Dept.*, 459 F. Supp. 2d 959, 973 (E.D. Cal. 2006); *Wong v. Tai Jing*, 189 Cal. App. 4th 1354, 1369 (2010). However, perjury cannot be the basis for a civil action. *See Carden v. Getzoff*, 190 Cal. App. 3d 907, 915 (1987) (citing *Taylor v. Bidwell*, 65 Cal. 489, 490 (1884)); *see also Silberg v. Anderson*, 50 Cal. 3d 205, 218-19 (1990) (noting that "other remedies exist aside from a derivative suit for compensation" to deter "injurious publications during litigation" including "criminal prosecution for perjury (Pen. Code § 118 et seq.)").[3]

---

[2] Plaintiff alleges that as a consequence of her alleged false imprisonment she lost her social security benefits, the company of her family, her ability to work and support herself, and the ability to vote and register to vote. (ECF No. 16 at pp. 2-4.) As these allegations relate only to the damages and other relief sought by Plaintiff, the Court need not address them. The Court does not construe Plaintiff's loss of social security benefits to be a claim arising under 42 U.S.C. § 405(g). *See Ivey*, 673 F.2d at 268 (district courts "may not supply essential elements of the claim that were not initially pled").

[3] A perjury claim also cannot form the basis of a 42 U.S.C. § 1983 action.

The supplemental jurisdiction statute provides that this Court may decline to exercise supplemental jurisdiction over a claim if "the district court has dismissed all the claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Because Plaintiff has failed to state a federal claim, the Court declines to exercise supplemental jurisdiction over the state law claims. *See United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966) ("Certainly, if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well"); *Herman Family Revocable Trust v. Teddy Bear*, 254 F. 3d 802, 806 (9th Cir. 2001). Plaintiff's state law claims are therefore dismissed without prejudice and left for resolution by the state court. *See id.* at 726-27.

### III.   CONCLUSION & ORDER

For the foregoing reasons, the Court **DISMISSES** this action in its entirety **WITHOUT LEAVE TO AMEND**. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *Rosati,* 791 F.3d at 1039; *Lopez*, 203 F.3d at 1130; *Ferdik*, 963 F.2d at 1261. In light of the dismissal, the Court also **TERMINATES AS MOOT** Plaintiff's motion to direct service by the U.S. Marshals (ECF No. 11).

**IT IS SO ORDERED.**

DATED: August 26, 2015

Hon. Cynthia Bashant
United States District Judge

---

Section 1983 does not authorize a damages claim against private witnesses for perjury committed during a state court criminal trial. *See Briscoe v. LaHue*, 460 U.S. 325, 334-36 (1983); *Franklin v. Terr*, 201 F.3d 1098, 1099-1101 (9th Cir. 2000).